# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 48369

| | | |
|---|---|---|
| **In the Interest of: John Doe I and John Doe II, Children Under Eighteen (18) Years of Age.** | ) ) ) ) | |
| **STATE OF IDAHO, DEPARTMENT OF HEALTH AND WELFARE,** | ) ) ) | **Filed: January 14, 2021** |
| **Petitioner-Respondent,** | ) ) | **Melanie Gagnepain, Clerk** |
| **v.** | ) ) ) | **THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY** |
| **JANE DOE (2020-40),** | ) ) | |
| **Respondent-Appellant.** | ) ) | |

Appeal from the Magistrate Division of the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Andrew Ellis, Magistrate.

Judgment terminating parental rights, affirmed.

Anthony Geddes, Ada County Public Defender; Karen L. Jennings, Deputy Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Peter A. Mommer, Deputy Attorney General, Boise, for respondent.

LORELLO, Judge

Jane Doe (2020-40) appeals from the judgment terminating her parental rights. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Doe is the mother of the two minor children in this action, born in 2018 and 2019. Doe is intellectually disabled and has substance abuse issues. Intelligence testing indicates that Doe's overall thinking and reasoning abilities are lower than 98 percent of others in her age group. Doe's low-cognitive function makes her susceptible to influence by others, which has contributed to her

substance abuse issues. In combination, these factors led to the removal of the children from Doe's care and the eventual termination of her parental rights.

Doe's involvement with the Idaho Department of Health and Welfare arose from a police investigation. Officers investigating a hit-and-run accident in a hotel parking lot discovered Doe's older child at age nine weeks in one of the hotel rooms where Doe and four other adults were using drugs. There was a baggie of methamphetamine an inch from the child's hand and a tube for snorting drugs under his blanket. The child's diaper bag contained marijuana fragments and a baby spoon dusted with methamphetamine. When questioned, Doe told officers that the previous night she had used methamphetamine and that the child had suffered seizures, vomiting, stopped breathing, and became "wobbly like Jell-O." Despite believing that the child might die, Doe simply patted him on the back a few times to revive him. Doe indicated that she did not seek medical attention for the child out of fear that doing so would result in the discovery of her illegal activities. Based upon Doe's drug use in the child's presence and her failure to seek medical care for him, officers removed the child from Doe's care and arrested her for felony injury to a child and various drug offenses. Doe eventually pled guilty to felony injury to a child, resulting in her being placed on probation and the entry of a no-contact order between Doe and the child that allowed Doe only supervised contact with the child "as permitted" by the Department.

After a shelter care hearing, the magistrate court placed the child into the custody of the Department and later approved a case plan for Doe. While the child protection action involving the older child was pending, Doe gave birth to the younger child who is the second subject of this case. The Department filed an amended petition under the Child Protection Act to include the younger child. The magistrate court placed the younger child into the Department's custody and approved an updated case plan. Ultimately, the Department petitioned to terminate Doe's parental rights. After finding clear and convincing evidence that Doe neglected the children and that termination is in the children's best interests, the magistrate court terminated Doe's parental rights.[1] Doe appeals.

---

[1] The magistrate court also terminated the parental rights of the older child's father. That decision is not at issue in this appeal. The younger child's father remains unidentified.

## II.

## ANALYSIS

Doe argues that the magistrate court erred in terminating her parental rights because the Department's reunification efforts were inadequate in light of her intellectual disability. The Department responds that Doe waived this argument by failing to identify a specific error by the magistrate court, cite pertinent portions of the record, or support her position with relevant legal authority. We hold that Doe has failed to show error in the magistrate court's termination decision.

To obtain review of an issue on appeal, appellants must identify the issue in their initial brief and provide supporting arguments along with citations to relevant legal authority. *See* I.A.R. 35; *Idaho Dep't of Health & Welfare v. Doe*, 152 Idaho 263, 267, 270 P.3d 1048, 1052 (2012). Assertions of error that are not stated with particularity and supported with relevant legal authority are too indefinite for consideration. *See* I.A.R. 35(a)(6); *In re Doe*, 166 Idaho 720, 727, 462 P.3d 1184, 1191 (Ct. App. 2020). General attacks on the findings and conclusions of a trial court that lack reference to specific evidentiary or legal errors are insufficient to preserve an issue. *See Doe*, 166 Idaho at 727, 462 P.3d at 1191. In short, a party waives an issue on appeal if either argument or authority is lacking. *In re Doe (2018-24)*, 164 Idaho 143, 147, 426 P.3d 1243, 1247 (2018).

At the conclusion of the termination hearing, the magistrate court found that more than twenty-three months had elapsed since the removal of the older child from Doe's care and that Doe failed to comply with her case plan and remained unable to recognize safety concerns or provide basic parenting for the children throughout that period. For example, Doe relapsed on marijuana within months of the termination hearing, remained unable to recognize cues from the children regarding hunger and discomfort, and could not even properly prepare a bottle. The magistrate court acknowledged Doe's love for her children and desire to parent them. However, despite this and the "extra lengths" taken by the Department over twenty-three months to reunify Doe with the children, Doe was unable to overcome her substance abuse issues and intellectual disabilities to improve her parenting. Consequently, the magistrate court found that Doe had neglected the children[2] and that termination is in the children's best interests.

---

[2]      The magistrate court found that Doe neglected the older child under I.C. § 16-2002(3)(b) by failing to comply with the case plan while the child was in the Department's custody for fifteen of the previous twenty-two months and I.C. § 16-2002(3)(a) by leaving him without proper

Doe's opening (and only) appellate brief identifies no specific error in the magistrate court's evidentiary rulings, nor a particularized flaw in a factual finding or legal conclusion supporting the decision to terminate her parental rights. Neither does Doe dispute that her conduct and omissions in this case constitute neglect under the relevant statutory definitions. Rather, Doe challenges the magistrate court's termination decision with a vague assertion that the Department's reunification efforts were inadequate due to her intellectual disabilities. Doe implies that the Department's reunification efforts provided her "no hope for reunification within the time allowed." However, Doe neither describes the reunification efforts she actually received nor where she objected to them as inadequate in the proceedings below. Even on appeal, Doe has not specified how the Department's reunification efforts were insufficient, nor what additional efforts she contends were necessary--other than a conclusory assertion that this case called for more than the "usual services." Conclusory allegations and assertions of fact, without citation to the record below, are not sufficient to support an argument on appeal. I.A.R. 35(a)(6); *Doe*, 166 Idaho at 727, 462 P.3d at 1191. We will not search the record for error. *Idaho Dep't of Health & Welfare v. Doe*, 150 Idaho 103, 113, 244 P.3d 247, 257 (Ct. App. 2010). Accordingly, we will not scour the record in an attempt to discern where or how Doe believes the Department's reunification efforts came up short.

Moreover, even if this Court assumed the Department's reunification efforts were inadequate, Doe's arguments would still not be considered. Doe's opening brief cites no legal authority to support her argument that the allegedly inadequate reunification efforts in her child-protection case are relevant in her termination proceeding. Indeed, the law in Idaho is to the contrary. *See In re Doe I*, 164 Idaho 883, 890, 436 P.3d 1232, 1239 (2019) (observing that a trial court's findings regarding the reasonableness of the Department's reunification efforts are irrelevant in termination proceedings). Nor does Doe cite legal authority establishing her intellectual disability as a defense to the magistrate court's neglect findings. This precludes further consideration of the issue. *See In re Doe I*, 166 Idaho 79, 83-84, 454 P.3d 1162, 1166-67 (2019). We will not construct and support Doe's arguments for her. Doe's failure to cite supporting authority in her appellate brief precludes consideration of the merits of her arguments. *See id.*

---

parental care and control. With regard to the younger child, the magistrate court found that Doe committed neglect only under I.C. § 16-2002(3)(a) by leaving the younger child without proper parental care and control.

## III.

## CONCLUSION

Doe neither identified a specific error by the magistrate court nor cited relevant legal authority to support her arguments on appeal. Consequently, we will not consider the merits of Doe's argument that the magistrate court erred by terminating her parental rights because the Department's reunification efforts were inadequate in light of her intellectual disability. Accordingly, the judgment terminating Doe's parental rights is affirmed.

Chief Judge HUSKEY and Judge GRATTON, **CONCUR**.